**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| A. PERRY DESIGNS & BUILDS, P.C., <br>    *Plaintiff*, <br>v. <br>J. PAUL BUILDERS, LLC, *et al.*, <br>    *Defendants* <br><hr> LEVIN/BROWN ASSOCIATES, INC., <br>    *Crossclaim/Third-Party Plaintiff*, <br>v. <br>CTLC, LLC, *et al.*, <br>    *Crossclaim/Third-Party Defendants* | No. 23-cv-828-ABA |

**MEMORANDUM OPINION AND ORDER ON
GRIERS' MOTIONS TO DISMISS**

Plaintiff A. Perry Designs & Builds, P.C. ("Perry") is an architectural firm that in 2014 was hired to design a home in Glenelg, Maryland for Sandra and Michael Grier. The Griers (through their entity CTLC, LLC) and Perry parted ways in 2019. CTLC then hired a different builder and architect to continue with the project: J. Paul Builders, LLC and Levin/Brown Associates, Inc. ("Levin/Brown"), respectively. Perry has sued J. Paul Builders, Levin/Brown, and CTLC for copyright infringement and related claims (ECF No. 62). Levin/Brown, in turn, has sued CTLC and the Griers for fraud, breach of contract and indemnification (ECF No. 83).

The Court previously ruled on J. Paul Builders and Levin/Brown's motions to dismiss the claims against them. ECF No. 78. Since then, Levin/Brown has at least attempted to serve its complaint on the Griers, together with summonses that the Court

1

had issued on December 10, 2024. ECF Nos. 85, 100 & 101. The declarations of service state that on September 10, 2025, service was made "by serving Sandra Grier, wife of Michael Grier, a person of suitable age and discretion, who stated that he/she resides therein [at 6101 Tilghman Drive, Laurel, Maryland 20724] with Michael Grier." ECF No. 100 at 2; *see also* ECF No. 101 at 2. Both declarations further describe service as follows:

> On this occasion, I parked my vehicle down the street from the residence at 7:50 AM. There were two cars parked in the residence's driveway. I observed Mr. Grier step outside onto his front porch, then head back inside. I walked up to the residence and rang the doorbell. Mr. Grier saw me through the front window. I waved to him, but his son answered the door instead. He asked how he could help me, to which I replied that I had a delivery for his parents. He stated he was not 18 years old and could not accept them. I asked if his father would come to the door to receive the documents, but he closed the door. I waited in my vehicle outside the residence until 8: 10 AM, when a Mercedes SUV began to back out of the garage. I exited my vehicle and stood next to the SUV. Mrs. Grier appeared to be driving her son to school. I explained that I had a delivery for her, but she kept backing the SUV out of the driveway. I then placed the documents on the SUV's hood, and she sped out of the driveway.

ECF No. 100 at 2; ECF No. 101 at 2.

The Griers have now moved to dismiss Levin/Brown's claims against them. ECF Nos. 102 & 105. They argue that Levin/Brown's claims should be dismissed for four reasons set forth below. Having reviewed those motions, along with the briefs filed in opposition (ECF Nos. 104 & 106), the Court will deny those motions.

First, the Griers seek dismissal because the third-party complaint and summonses were not served within 90 days of the filing of the third-party complaint. ECF No. 102-1 at 8–10; ECF No. 105 ¶¶ 5–13. Rule 4(m) of the Federal Rules of Civil

2

Procedure provides that, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). But it goes on to state that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id*. Here, Levin/Brown argues that good cause exists for the delay because the case was stayed between December 17, 2025 (ECF No. 86) and March 25, 2025 (ECF No. 90). The Griers point out that, even accounting for the stay, Levin/Brown did not request re-issuance of summonses until August 28, 2025 (ECF Nos. 97 & 98) and then served the original summonses that had been issued in December 2024. *See* ECF No. 102-1 at 9. But none of these arguments justify dismissal under Rule 4(m). In light of the stay, and because discovery had not begun in this case, and in light of the direction in Rule 1 that the Federal Rules of Civil Procedure "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding," Fed. R. Civ. P. 1, Levin/Brown has shown good cause for not serving the summonses and third-party complaint earlier.

Second, the Griers argue that even if service was timely (or untimeliness is excused), delivery of the complaint and summonses on the hood of Ms. Grier's car at the Griers' home did not constitute service "at the individual's dwelling or usual place of abode *with someone* of suitable age and discretion who resides there" as required under Rule 4(e)(2)(B) (emphasis added). *See* ECF No. 102-1 at 11; ECF No. 105 ¶¶ 16–16.[1] The

---

[1] Ms. Grier's motion contains two paragraphs numbered 16.

3

argument seems to be that, even though Ms. Grier was inside the car and clearly was the intended recipient of the package, the materials were left "with some[thing]" (*i.e.*, the car) as opposed to with Ms. Grier herself. The Griers have not identified any authority for interpreting Rule 4(e)(2)(B) as requiring that the documents be delivered in Ms. Grier's hands as opposed to directly on the vehicle being operated by Ms. Grier in front of her home. The Court concludes that service by that means was adequate to satisfy Rule 4.

Third, the Griers argue service was insufficient because although the service package included the summonses and Levin/Brown's third-party complaint, it did not include other filings from the docket of this case to date. ECF No. 102-1 at 10. That argument is premised on Local Rule 103.7(b), which provides that "[u]nless otherwise ordered by the Court, a third-party plaintiff shall serve upon a third-party defendant copies of all documents (other than notices of previously held depositions) which the parties have previously served upon one another and shall make all previously-conducted discovery materials available for review by the third-party defendant." But Local Rule 103.7(b) does not modify Federal Rule of Civil Procedure 4. Service of process here was effectuated by service of the summons and third-party complaint. And although Local Rule 103.7(b) does separately require service of all documents that the parties other than the Griers previously served upon each other, the Court hereby rules that in this case the rule only requires service of documents that are not available on CM/ECF.

Fourth, Mr. Grier argues that, in the alternative and at minimum, Levin/Brown's claim for fraudulent inducement (Count 1 of the third-party claim) should be dismissed for failure to state a claim on which relief can be granted. ECF No. 102-1 at 11–13. Ms.

Grier has not asserted this argument. As Mr. Grier recognizes, the elements of the tort of fraudulent inducement are "that (1) the defendant made a false representation to the plaintiff, (2) the falsity of the representation was either known to the defendant or the representation was made with reckless indifference to its truth, (3) the misrepresentation was made for the purpose of defrauding the plaintiff, (4) the plaintiff relied on the misrepresentation and had the right to rely on it, and (5) the plaintiff suffered compensable injury as a result of the misrepresentation." *Hoffman v. Stamper*, 385 Md. 1, 28 (2005). Mr. Grier argues that Levin/Brown's allegations are too "conclusory" and not pled with particularity. ECF No. 102-1 at 12.

To withstand a motion to dismiss, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and state a facially plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When considering such a motion, the Court "must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016). And although Levin/Brown's fraud claim must "state with particularity the circumstances constituting fraud or mistake," matters such as "intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

Here, Count 1 of the third-party complaint adequately states a claim for fraudulent inducement. The complaint specifically alleges that CTLC represented to Levin/Brown that CTLC was "the copyright owner" of the original design (referred to in the CTLC-Levin/Brown agreement as the "Instruments of Service"), ECF No. 83 at 10 ¶

5

10, that Mr. Grier "had personal knowledge of the Griers' ownership interest in the design documents developed by Plaintiff and of the actions taken by the Griers to effectuate the transfer of that copyright ownership from the Griers to CTLC," *id.* at 11 ¶ 15, that insofar as CTLC was *not* authorized to transmit the original design to Levin/Brown, the Griers knowingly "authorized CTLC to falsely warrant to LBA [Levin/Brown] the possession copyright ownership over the design documents developed by Plaintiff," *id.* at 12 ¶¶ 19, 22–23, that those allegedly false statements "induced LBA to enter into the CTLC/LBA Agreement," *id.* at 13 ¶ 24, and that "[b]ut for the false representations made by the Griers and CTLC, LBA would not have used any design documents provided by the Griers and/or CTLC in furtherance of completing its services," *id.* at 13 ¶ 27. As Levin/Brown puts it in its opposition to the motion to dismiss, consistent with the allegations in its complaint against the Griers, "If A. Perry proves that the Griers did not pay all amounts due under their contract for the Work Product, then A. Perry will have proven that the Griers knew or should have known that they did not possess any right to use the Work Product." ECF No. 104 at 10. These allegations in support of Count 1 of Levin/Brown's complaint against CTLC and the Griers are sufficient to state a claim for fraudulent inducement on which relief can be granted.

## CONCLUSION AND ORDER

For the reasons explained above, the Court hereby ORDERS as follows:

1. The motions to dismiss filed by third-party defendants Michael Grier (ECF No. 102) and Sandra Grier (ECF No. 105) are DENIED;

2. Local Rule 103.7(b) is waived with respect to any documents that are available on CM/ECF;

3.      The Griers shall file answers to the third-party complaint (ECF No. 83) **within 14 days of this Order** (*see* Fed. R. Civ. P. (a)(4)(A));

4.      Discovery on all claims (including cross-claims and third-party claims) may now commence, and any remaining stay is hereby LIFTED; and

5.      The Court directs the parties to the proposed Scheduling Order filed contemporaneous with this Order; please review it, confer, and **within 14 days of this Order** file a joint status report stating whether you: 1) request any changes to the dates in the proposed Scheduling Order; 2) would like to participate in a settlement conference and, if so, the phase of the case in which you propose that a conference be scheduled (e.g., promptly, or after the conclusion of discovery, etc.); 3) unanimously consent to proceed before a United States Magistrate Judge; 4) anticipate exchanging discovery of electronically stored information (ESI), and, if so, whether you presently anticipate any disputes regarding ESI-related discovery; and 5) propose to defer any of the expert discovery until after summary judgment motions are resolved.

Date:  December 23, 2025                             _____/s/_____
                                                                            Adam B. Abelson
                                                                            United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| A. PERRY DESIGNS & BUILDS, P.C.,<br>    *Plaintiff*,<br>v.<br>J. PAUL BUILDERS, LLC, *et al.*,<br>    *Defendants*<br><br>LEVIN/BROWN ASSOCIATES, INC.,<br>    *Crossclaim/Third-Party Plaintiff*,<br>v.<br>CTLC, LLC, *et al.*,<br>    *Crossclaim/Third-Party Defendants* | No. 23-cv-828-ABA |

### [PROPOSED] SCHEDULING ORDER

    This scheduling order is being entered pursuant to Local Rule 103.9.  **This scheduling order supersedes any prior scheduling order in this case and applies to all claims currently pending in this case.** Any inquiries concerning the schedule should be directed to my chambers, not to the Clerk's Office.   Any party who believes that any deadline set forth in this Scheduling Order is unreasonable may request in writing a modification of the Order or that a conference be held for the purpose of seeking a modification of the Order, and any such request must be made on or before the first date set forth in Paragraph I below.  Thereafter, **the schedule will not be changed except for good cause.**

    This case is subject to electronic filing.  Please familiarize yourself with the procedures for electronic filing available at: www.mdd.uscourts.gov.  You must use the electronic filing system for filing documents with the Clerk and sending case related correspondence to chambers.

### I.  DEADLINES

| | |
|---|---|
| January 6, 2026: | Deadline for requests for modification of initial Scheduling Order |
| January 6, 2026: | Joint request for early settlement/ADR conference (This request will not postpone discovery unless otherwise ordered.) |

| | |
|---|---|
| January 6, 2026: | Report about deposition hours |
| January 6, 2026: | Initial report whether there is unanimous consent to proceed before a United States Magistrate Judge |
| January 6, 2026: | Deadline for conference about discovery of electronically stored information. (If either or both parties intend to take such discovery, before the conference counsel should review the Principles for the Discovery of Electronically Stored Information in Civil Cases prepared by a joint bench/bar committee published on the court's website.) |
| February 6, 2026: | Moving for joinder of additional parties and amendment of pleadings |
| February 23, 2026: | Plaintiff's Rule 26(a)(2) disclosures |
| March 23, 2026: | Defendant's Rule 26(a)(2) disclosures |
| April 6, 2026: | Plaintiff's rebuttal Rule 26(a)(2) disclosures |
| April 13, 2026: | Rule 26(e)(2) supplementation of disclosures and responses |
| May 7, 2026: | Discovery deadline; submission of status report |
| June 8, 2026: | Dispositive pretrial motions deadline |

## II. DISCOVERY

Initial Disclosures

This is an action in which Fed. R. Civ. P. 26(a)(1) disclosures need not be made.

Discovery Conference

This action is exempted from the requirements of Fed. R. Civ. P. 26(d)(1) and from Fed. R. Civ. P. 26(f). However, you are encouraged to confer with one another immediately in order to: (a) identify the issue(s), (b) set a discovery plan, (c) determine if the case can be resolved before your clients incur further litigation expense, (d) discuss any issues about preserving discoverable information, and (e) establish a cordial professional relationship among yourselves.

Procedure

All the provisions of Local Rule 104 apply, including the following:

a. All discovery requests must be served in time to assure that they are answered before the discovery deadline. An extension of the deadline will not be granted because of unanswered discovery requests.

b. The existence of a discovery dispute as to one matter does not justify delay in taking any other discovery. The filing of a motion to compel or a motion for a protective order will not result in a general extension of the discovery deadline.

c. No discovery materials, including Rule 26(a)(1) and Rule 26(a)(2) disclosures, should be filed with the court.

d. Motions to compel shall be filed in accordance with Local Rule 104.8 and applicable CM/ECF procedures.

e. Please be familiar with the Discovery Guidelines of this Court which are Appendix A to the Local Rules. Appendix D contains guidelines for form discovery requests and confidentiality orders that may be helpful to you.

Deposition Hours

Please confer with one another immediately concerning the number of hours of depositions which you believe are appropriate. If I have not heard from you by the date set forth in Section I of this order, each side shall be limited to 15 hours of depositions of fact witnesses (including parties). (If you agree to another number of deposition hours and notify me of your agreement, you may consider your agreement approved unless you hear from me to the contrary within 10 days.) If there are two or more parties on a particular side, they must share the deposition time allotted to their side unless upon your request I otherwise rule. Any colloquy engaged in by counsel shall be counted against his/her client's deposition time.

### III. STATUS REPORT

The parties shall file on the day of the discovery deadline a status report covering the following matters:

a. Whether discovery has been completed;

b. Whether any motions are pending;

c. Whether any party intends to file a dispositive pretrial motion;

d. Whether the case is to be tried jury or non-jury and the anticipated length of

trial;

e. A certification that the parties have met to conduct serious settlement negotiations; and the date, time and place of the meeting and the names of all persons participating therein;

f. Whether each party believes it would be helpful to refer this case to another judge of this court for a settlement or other ADR conference, either before or after the resolution of any dispositive pretrial motion;

g. Whether all parties consent, pursuant to 28 U.S.C. § 636(c), to have a U.S. Magistrate Judge conduct all further proceedings in this case, either before or after the resolution of any dispositive pretrial motion, including trial (jury or non-jury) and entry of final judgment.

h. Any other matter which you believe should be brought to the court's attention.

## IV.  DISPOSITIVE PRETRIAL MOTIONS

If more than one party intends to file a summary judgment motion, the provisions of Local Rule 105.2.c apply.

After motions and responses thereto have been filed, I will advise you if a hearing is to be scheduled.

## V.  STATUS AND PRETRIAL CONFERENCES

I will set a scheduling conference after the status report has been filed, unless that report indicates that one or more of you intends to file a dispositive pretrial motion.  In the latter event I will not set a scheduling conference until after I have ruled upon the motion (or the dispositive pretrial motion deadline passes without the anticipated motion being filed).

At the scheduling conference:

a. I will set a deadline for submitting the pretrial order, motions in limine, proposed voir dire questions and proposed jury instructions;

b. I will set a pretrial conference date and a trial date; and

c. I will ask you whether a settlement or other ADR conference with a judicial officer would be useful, and whether all parties would consent to trial (jury or non-jury) before a U.S. Magistrate Judge.  **Please confer with your client about these matters before the conference so that you are in a position to respond.**

## VI. ATTORNEYS' FEES

In any case where attorneys' fees may be sought by the prevailing party, counsel must be familiar with the provisions of Local Rule 109.2 and the Rules and Guidelines for Determining Attorneys' Fees in Certain Cases which are Appendix B to the Local Rules.

## VII. COMPLIANCE WITH LOCAL RULES AND CM/ECF PROCEDURES

The court will demand compliance with the Local Rules and CM/ECF procedures. If you need to obtain a copy of the Local Rules or the CM/ECF procedures, they are available on our website at www.mdd.uscourts.gov.

## VIII. COMPLIANCE WITH PRIVACY PROTECTION RULE

Counsel are reminded that the Federal Rules of Civil Procedure were amended, effective December 1, 2007, with the addition of a new Rule 5.2 which has detailed requirements requiring the redaction of filings with this court that contain an individual's social security number, tax payer identification number, or birth date, the name of an individual known to be a minor, or a financial account number. It is essential that counsel comply with this rule and with the revised version of the Judicial Conference Privacy Policy adopted in March 2008. For further information on the Judicial Conference Privacy Policy see:
http://www.mdd.uscourts.gov/news/news/privacy_memo.pdf.


Date:  December 23, 2025

                                          Adam B. Abelson
                                          United States District Judge